LEON COOPER, Respondent, *against* JOHN ALLPORT, Appellant.

(Decided February 6th, 1882.)

Where an infant, after a purchase of property by him, claiming the right
to rescind the purchase on the ground of his infancy, restores the prop-
erty to the vendor, and it is accepted by the latter, the infant may
recover back money paid by him to the vendor upon the purchase.

APPEAL from the judgment of a district court in the City
of New York.

The facts are stated in the opinion.

VAN BRUNT, P. J.—The plaintiff in this action being an
infant bought certain property of the defendant for the sum
of $250, and paid $100 on account and gave back a mortgage
for $150, and entered into possession of the property. Short-
ly thereafter, claiming that he was an infant, he restored the
property to the defendant, who accepted the same, and brought
this suit by his guardian to recover the money which he had
paid on account. The justice below decided in favor of the
plaintiff, and from that judgment this appeal is taken.

It is true that Parsons lays down the rule that "if an in-
fant advances money on a voidable contract which he after-
wards rescinds, he cannot recover the money back, because it
is lost to him by his own act, and the privilege of infancy·
does not extend so far as to restore this money unless it was
obtained from him by fraud." And also that "if the infant
pays money on his contract and enjoys the benefit of it, and
then avoids it when he becomes of age, he cannot recover back
the consideration paid." But it is equally stated by Parsons
that "an infant can rescind his purchase and recover the price
he paid, only when he is ready to return the thing purchased;"
and it is also held "that an infant has a right to avoid an ex-
ecutory contract at any time before it becomes an executed
contract."

Although at first sight it may seem somewhat difficult to harmonize these principles, yet in the disposition of this case no difficulty stands in the way. As an infant's executory contract is voidable he has a right to disaffirm. Two persons, whether one is an infant and the other an adult or not, have the right to rescind a contract which had previously been made. Now, according to the evidence in this case, the contract between the infant and the defendant was by both parties rescinded, because the defendant received the property upon the admitted rescission of the infant, and he therefore accepted such rescission, and it is to be concluded from that fact that there was a mutual rescission between the parties. Under those circumstances the party who accepts the rescission is bound to pay over to the party rescinding all which he has received under the contract.

In view of this fact, the defendant having accepted his rescission, he was bound to repay that which he. has received under the contract which has been rescinded by the parties.

The judgment of the district court must therefore be affirmed.

BEACH, J., concurred.

Judgment affirmed.